■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY J. LEITCH, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered May 18, 1990, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

On October 8, 1989, a police officer employed by the Village of Groton, Tompkins County, witnessed a vehicle driven by defendant inside the Village limits following too closely behind another vehicle as it headed out of the Village. The officer turned his vehicle around and began following defendant's car outside the Village limits. The officer observed that defendant failed twice to signal turns, failed to reduce his speed at an intersection and made a wide turn into the oncoming lane of traffic. Upon pulling over defendant's vehicle and asking to see his license and registration, the officer noticed a strong odor of alcohol emanating from the car. Defendant, whose eyes were glassy and bloodshot, admitted that he had no driver's license. After defendant performed poorly on various sobriety tests and an alco-sensor breath test administered by the officer, he was arrested for drunk driving and was ultimately indicted on two felony counts of driving while intoxicated and one count of aggravated unlicensed operation of a motor vehicle in the first degree. Following a suppression hearing, County Court determined, *inter alia,* that defendant's arrest was legal. Defendant thereafter pleaded guilty to one count of driving while intoxicated as a felony and was given a fine and sentenced to five years of probation. This appeal followed.

We affirm. Defendant's sole challenge on appeal is to County Court's finding, after the suppression hearing, that defendant's arrest was legal. Defendant asserts that the Vil-

lage of Groton police officer had no jurisdiction to arrest him outside of the Village limits. However, CPL 140.10 (1) (a) states that a police officer may make a warrantless arrest of an individual who he has reasonable cause to believe committed an offense in his presence. Further, pursuant to CPL 140.10 (2), such an arrest can only be made when:

"(a) Such offense was committed or believed by him to have been committed within the geographical area of such police officer's employment; and

"(b) Such arrest is made in the county in which such offense was committed or believed to have been committed or in an adjoining county".

Here, County Court credited the Village police officer's testimony to the effect that he saw defendant commit what he believed to be the offense of following too closely (Vehicle and Traffic Law § 1129) while defendant was still within the Village limits. Accordingly, the police officer was justified in pursuing defendant outside the Village limits. Notably, defendant was not arrested for an offense since his actions upon leaving the Village and his demeanor upon being stopped gave the officer reasonable cause to believe that defendant committed the crime (see, CPL 140.10 [1] [b]) of driving while intoxicated. Pursuant to CPL 140.10 (3), a police officer can arrest a person for a crime without a warrant regardless of whether the crime was committed within the geographical area of the officer's employment.

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed.